IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BARRY D. MATHIAS,

    Plaintiff,

v.                                                                         No. 1:17-cv-01081-JDB-cgc

ZACKARY EDWARDS, TROY CLYCE,
and UNKNOWN DEFENDANTS,

    Defendants.

ORDER OF DISMISSAL

On April 26, 2017, Plaintiff, Barry D. Mathias, an inmate incarcerated at the Gibson County Correctional Complex in Trenton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, along with state law claims, as well as a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") 1, 2.) The Court granted Plaintiff leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)–(b). (D.E. 4.)

## I.    BACKGROUND

In his complaint, Mathias alleges that he was subjected to an illegal search and malicious prosecution stemming from the fruits of that illegal search in violation of his federal constitutional rights. (D.E. 1-1 at PageID 5–7.) Plaintiff further raises state law claims of malicious prosecution, trespass, intentional infliction of emotional distress, and conversion. (*Id.*)

The inmate contends that on September 10, 2013, he was arrested by the Humboldt, Tennessee Police Department. (*Id.* at PageID 4.) While he was in jail, Plaintiff asserts that the Crockett County (Tennessee) Sherriff's Department initiated an investigation that culminated

1

with a search warrant being issued for his home. (*Id.*) This search warrant, Mathias argues, was obtained illegally, based upon false statements made by Defendant, Zackary Edwards. (*Id.*) Upon obtaining the warrant, Edwards and other police officers executed the search and allegedly kicked in the door to Plaintiff's home, causing damage to the door and frame; beat his chained-up dog; and stole his television and some cash. (*Id.* at PageID 4–5.) During the search, the officers also discovered marijuana and drug paraphernalia, for which Mathias was ultimately indicted on February 10, 2014. (*Id.* at PageID 5.) On May 2, 2016, the Circuit Court of Crockett County dismissed the charges, along with a capias that had been issued for Plaintiff's failure to appear in court. (*Id.* at PageID 5, 8.)

Mathias maintains that Edwards' credibility is questionable based on his having been fired from the Crockett County Sheriff's Office for "being with a female under the age of consent" and for the manufacture and possession of marijuana. (*Id.* at PageID 5.) Thus, Plaintiff infers, Edwards "perjured hi[m]self" to secure the search warrant. (*Id.*) Because a suppression hearing was never held regarding the warrant and subsequent search, Plaintiff's argument goes, the allegedly false testimony used to procure the search warrant was never properly called into question. (*Id.* at PageID 6.) Furthermore, Mathias avers that Edwards' dishonesty reflects upon the "hiring, training, and supervision of the defendant" by his direct supervisors. (*Id.*)

## II. SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleadings standard under Federal

Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Despite being "held 'to less stringent standards,'" *pro se* parties, including those that are incarcerated, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

### III. ANALYSIS

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of a right "secured by the 'Constitution and laws' of the United States" (2) committed by a defendant acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### A. Illegal Search

Plaintiff insists that the alleged dishonesty by Edwards in the affidavit is tantamount to an illegal search under § 1983, in violation of the Fourth Amendment. (D.E. 1-1 at PageID 5–6.) The statute of limitations for a § 1983 claim is determined by the law of the state where the injury occurred, and "Tennessee law provides for a one year statute of limitations for § 1983 actions." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (citing Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). When the statute of limitations begins to run, however, is a matter of federal law. *Id.* The "discovery rule" provides the date upon which the action accrues for this purpose, "i.e., the date when the plaintiff knew or through the exercise of reasonable diligence should have known the injury that forms the basis of his action." *Id.* (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1986)). For the purposes of an illegal search, the statute of limitations begins to run when the putative plaintiff becomes aware of the illegal search or seizure. *Hornback v. Lexington-Fayette Urban Cty, Gov't*, 543 F. App'x 499, 502 (6th Cir. 2013).

Mathias states that the search occurred sometime between September 10, 2013, when he was arrested, and February 10, 2014, when he was indicted for crimes stemming from the search of his home. (D.E. 1-1 at PageID 4–5.) Thus, Plaintiff was most certainly aware of the search by February 10, 2014. Because the inmate did not file his complaint until over three years later, and because that defect is obvious from the face of the complaint, sua sponte dismissal of the time-barred claims is appropriate. *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir.

4

2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995)).

### B. Malicious Prosecution

    i.    <u>Officer Edwards</u>

To prevail on a § 1983 malicious prosecution claim, a plaintiff must prove: (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty under the Fourth Amendment, apart from the initial seizure"; and (4) that "the criminal proceeding was resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (internal citations and quotation marks omitted).

Plaintiff has arguably carried his burden with respect to three of the four elements in the complaint, but he has failed to allege any facts that indicate that there was a lack of probable cause for the criminal prosecution. Mathias merely suggests that Edwards lied to acquire the affidavit but does not state what the officer lied *about*. (*See, e.g.*, D.E. 1-1 at PageID 4 ("Plaintiff . . . asserts that the Defendant obtained the search warrant by using perjury, lies, and deception in the affidavit . . . .").) Indeed, the offending search warrant and accompanying affidavit are not even attached to the complaint. The basis for Plaintiff's claim appears to arise from Edwards' termination from the Crockett County Sherriff's Office for conduct not relating to this search, which, he argues implies that the officer was dishonest in the affidavit for obtaining the warrant. (*Id.* at PageID 5.) These allegations are merely speculation. Although the Court is required to accept all factual allegations as true, it "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Barany-Snyder v. Weiner*, 539 F.3d

327, 332 (6th Cir. 2008) (internal quotation marks omitted). Therefore, this claim is also dismissed.

  ii.  Sherriff Clyce

The inmate also sues Sherriff Clyce in his official and individual capacities. (D.E. 1-1 at PageID 6.) Suits against municipal officers in their official capacities "are, 'in all respects other than name, to be treated as a suit against the entity.'" *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

"A municipality or other local government may be liable under [42 U.S.C. § 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Richmond v. Huq*, 885 F.3d 928, 948 (6th Cir. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011)), *reh'g en banc denied* (May 17, 2018). Furthermore, "[a] municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Stanfield v. City of Lima*, 727 F. App'x 841, 851 (6th Cir. 2018) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401–02 (6th Cir. 2016) (quoting *Burgess* 735 F.3d at 478). "This means that the plaintiff must show 'a direct causal link between the policy and the alleged constitutional violation such that the [municipal policy] can be deemed the moving force behind the violation.'" *Id.* at 402 (alteration in original) (quoting *Graham ex rel. Estate of Graham v. Cty. Of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)). The Sixth Circuit has explained the plaintiff's burden for bringing such a claim:

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4)

the existence of a custom of tolerance or acquiescence of federal rights violations. *Nouri v. Cty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (quoting *Burgess*, 735 F.3d at 478).

Additionally, civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168–69 (1993). However, "[t]o avoid dismissal under [Federal] Rule [of Civil Procedure] 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). At the very least, a complaint must satisfy Fed. R. Civ. P. 8(a)'s notice pleading requirements and give the municipality notice of the plaintiff's theory of liability. *See Twombly*, 550 U.S. at 555; *see, e.g.*, *Oliver v. City of Memphis*, No. 04-2074 B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004) (granting the motion to dismiss filed by the City of Memphis because the plaintiff "failed to identify or allege the existence of a custom or policy of the [c]ity that caused his injury").

Mathias has failed to state any facts that would indicate that Edwards' alleged wrongdoing was the result of a policy of the municipality or that anyone ratified the officer's conduct. Furthermore, Plaintiff has not explained why Sherriff Clyce is liable to him in his individual capacity. Therefore, the claims as they pertain to Sherriff Clyce are DISMISSED.

### C. State Law Claims

This Court has supplemental jurisdiction over Mathias's state law claims under 28 U.S.C. § 1367(a). The section provides that: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28. U.S.C. § 1367(a). Still, district courts may decline to exercise supplemental jurisdiction over a related claim under certain circumstances when:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* at § 1367(c).

Generally, if a federal claim is dismissed before trial, a state claim should be dismissed as well. *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

The Court declines to exercise supplemental jurisdiction over Mathias's state law claims. The Court has dismissed Plaintiff's federal claims and finds no reason to exercise supplemental jurisdiction over his remaining allegations. Therefore, these claims are DISMISSED.

## IV. LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid sua sponte dismissal under the Prison Litigation Reform Act, Pub. L. No. 104-34, 110 Stat. 1321 (1996). *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The gravamen of the inmate's complaint is that Edwards was dishonest in obtaining a search warrant

8

that ultimately led to a malicious prosecution and that Sherriff Clyce was complicit in this wrongdoing. The Court finds it appropriate to provide him an opportunity to properly assert those claims and, therefore, grants leave to amend the complaint. In doing so, the Court cautions Plaintiff that service of process cannot be made on an unknown party and the filing of a complaint against an unnamed defendant does not toll the running of the statute of limitations against that party. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

## V. CONCLUSION

Accordingly, Mathias's claims are DISMISSED. If Plaintiff desires to file an amended complaint as outlined herein, he must do so within thirty days of the entry of this order.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Mathias would not be taken in good faith.

IT IS SO ORDERED this 27th day of September 2018.

9

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE